UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DARRELL GEORGE FULTON,

                    Plaintiff,

          - against -

CORE SERVICES GROUP INC., MICHAEL
LOWE, PATRICK MCFARLAND, and
JOHN & JANE DOES

                    Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-7050 (PKC) (SJB)

PAMELA K. CHEN, United States District Judge:

On December 6, 2019, Plaintiff Darrell George Fulton filed this *pro se* action, asserting claims under 42 U.S.C. § 1983[1] and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons stated below, the Court dismisses the complaint.

**BACKGROUND**[2]

In 2018, Plaintiff was serving early release in a federal halfway house program, operated by Defendant CORE Services Group, Inc. (Complaint ("Compl."), Dkt. 1, at 5.) Defendant Michael Lowe was the facility director at the CORE Brooklyn House. (*Id.* at 2.) Plaintiff received

---

[1] Plaintiff's claims arose out of his residence in a federal halfway house program, and he has not plausibly alleged that any of Defendants were either state actors or private parties acting under color of state law. Therefore, Plaintiff cannot state a claim under § 1983. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law.").

[2] "At the pleadings stage of a case, the court assumes the truth of 'all well-pleaded, nonconclusory factual allegations' in the complaint.'" *Durant v. N.Y.C. Housing Auth.*, No. 12-CV-937 (NGG) (JMA), 2012 WL 928343, at *1 (E.D.N.Y. Mar. 19, 2012) (quoting *Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d 111, 123 (2d Cir. 2010)).

1

two incident reports, alleging "possession of anything unauthorized" and "being out of bounds." (*Id.* at 5.) After Plaintiff confronted Defendant Lowe with "his knowledge of Mr. Lowe's favoritism and unlawful activities," Plaintiff was remanded to prison in retaliation, despite Lowe's knowledge that Plaintiff did not commit the charges in the incident reports. (*Id.*) The incident reports were ultimately expunged. (*Id.*)

Defendant Patrick McFarland was the residential reentry manager at the Bureau of Prisons. (*Id.* at 2.) Plaintiff alleges that McFarland failed to present evidence of "the connection [between] the charges [in the incident reports] to [P]laintiff's remand," and disregarded Plaintiff's due process rights. (*Id.* at 5.)

## STANDARD OF REVIEW

Pursuant to the *in forma pauperis* statute, this Court must dismiss a case if the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

At the same time, federal courts give "extra leeway" to *pro se* plaintiffs. *In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008). When determining the sufficiency of a *pro se* complaint, the Court must look for the strongest arguments that the complaint suggests. *Erickson v. Pardus*, 551 U.S.

89, 94 (2007); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191–93 (2d Cir. 2008). If this liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must give the plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

Plaintiff claims that he was deprived of due process when he was returned to prison without process or notice. However, there is no cause of action under *Bivens* available to Plaintiff.

"In *Bivens*, the Supreme Court recognized an implied private action for damages against federal officers[3] alleged to have violated a citizen's constitutional rights." *McGowan v. United States*, 825 F.3d 118, 123 (2d Cir. 2016) (internal quotation marks and citations omitted). However, "the judicial damage remedy in *Bivens* itself is extraordinary and should rarely be applied in new contexts." *Sanford v. Bruno*, No. 17-CV-5132 (BMC), 2018 WL 2198759, at *4 (E.D.N.Y. May 14, 2018) (quoting *Arar v. Ashcroft*, 585 F.3d 559, 571 (2d Cir. 2009)).

> [Courts] have established a two-step process for determining whether a *Bivens* remedy is available for an alleged constitutional injury. First, the court must determine whether the underlying claims extend *Bivens* into a new context. If the plaintiff's claims arise in a new context, the court then asks (a) whether there is an alternative remedial scheme available to the plaintiff, and, even if there is not, (b) whether special factors counsel hesitation in creating a *Bivens* remedy.

---

[3] The Supreme Court has declined to extend *Bivens* to a private entity operating a halfway house under contract with the Bureau of Prisons, on the grounds that "the purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63, 70 (2001). Therefore, Plaintiff cannot state a *Bivens* claim against Defendant CORE Services and those claims are dismissed as to Defendant CORE Services.

However, "[i]t [] remains an open question whether a court may imply a *Bivens* claim against employees of privately-operated facilities, such as halfway houses, to redress constitutional violations." *See Shapiro v. Cmty. First Servs., Inc.*, No. 11-CV-4061 (KAM) (LB), 2014 WL 1276479, at *6 (E.D.N.Y. Mar. 27, 2014). Because the Court finds that Plaintiff cannot state a cognizable cause of action under *Bivens*, the Court assumes, without deciding, the propriety of naming Lowe as a defendant for purposes of Plaintiff's *Bivens* claim.

3

*McGowan*, 825 F.3d at 123.

Here, under the first step, Plaintiff's claim arose in a new context. Plaintiff claims that he was wrongfully remanded to prison without due process. Plaintiff's claims are materially different from the three types of cases recognized under *Bivens*. *See Sanford*, 2018 WL 2198759, at *5 ("None of the three Supreme Court cases that have allowed *Bivens* claims arose in the context of a prisoner's due-process rights[, specifically,] . . . a due-process violation in which a prisoner spends the five months at the end of his custodial term in a prison rather than a halfway house.").

Under the second step, there were alternative remedies available to Plaintiff, including *habeas corpus* relief under 28 U.S.C. § 2241 and the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e. *Id.* at *6 ("Deprivations of constitutional rights while in custody can generally be addressed by *habeas corpus* relief, 28 U.S.C. § 2241, mandating the alleviation of the unconstitutional condition or the release of the prisoner. In addition, the [Prison Litigation Reform] Act, 42 U.S.C. § 1997e, requires an administrative process by which the Bureau of Prisons can itself correct any unconstitutional or, going even further, undesirable conditions of confinement.") "The overlapping administrative and judicial remedies that already exist to address plaintiff's situation here are thus adequate for purposes of determining whether to imply a *Bivens* remedy." *Id.* at *7. Therefore, the Court finds that Plaintiff cannot state a *Bivens* claim.

Ordinarily, *pro se* plaintiffs are granted an opportunity to amend their complaints. However, where it is clear that any attempt to amend the complaint would be futile, courts need not afford plaintiffs the opportunity to amend. *See Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (summary order). Here, the defects in Plaintiff's claims are substantive and could not be cured in an amended complaint. Therefore, leave to amend the complaint would be futile and is denied.

## CONCLUSION

Accordingly, the complaint is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 21, 2020
       Brooklyn, New York